Law Offices of David S. Secrest
A Professional Corporation
David S. Secrest, Esq. [State Bar #142299]
504 Plaza Alhambra, Suite 201
P. O. Box 1029
El Granada, CA 94018-1029
Tel: 650-726-7461
Fax: 650-726-7471
Attorney for Plaintiff
Norman Runyan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORMAN RUNYAN,<br><br>          Plaintiff,<br><br>vs.<br><br>RIVER ROCK ENTERTAINMENT AUTHORITY, RIVER ROCK CASINO, HARVEY HOPKINS, an individual, and DOES 1-50, inclusive,<br><br>          Defendants. | CASE No. 3:08-CV-01924-VRW<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |

-1-

*Norman Runyan v. River Rock Entertainment Authority, et al.;* **Case No. 3:08-CV-01924-VRW**
PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

# I. INTRODUCTION

This case should be remanded for lack of subject matter jurisdiction. A wrongful termination claim in violation of federal public policy does not confer removal jurisdiction. Plaintiff need only prove that a "nexus" exists between the termination and the employee's protected activity relating to one or more the public policies referenced in the Complaint, but not necessarily limited to those public policies; that an illegitimate factor played "a motivating or substantial role" in the employment decision; and need not establish that *the employer actually violated the law* any of the public policies.

Plaintiff's wrongful termination for violation of public policy claim is not completely preempted by federal law. No actual authority is proposed for the proposition that the Indian Gaming Regulatory Act and National Indian Gaming Commission ("NIGC") regulations "completely preempt" state law *Tameny* claims.

The claims made have nothing to do with attempting to regulate gambling or games being played at the casino. Thus, the Indian Gaming Regulatory Act (IGRA) does not "completely preempt" state law claims at issue. *County of Madera v. Picayune Rancheria of Chukchansi Indians*, E.D.Cal.,2006, 467 F.Supp.2d 993, 1002-1003.

# II. ARGUMENT

## A. Legal Standard

This Court has ordered Defendants to show cause in why this case should not be remanded for lack of subject matter jurisdiction. *See Rains v Criterion Systems, Inc.*, 80 F3d 339, 343-44 (9th Cir 1996) (holding that a wrongful termination claim in violation of federal public policy does not confer removal jurisdiction); *Grable & Sons Metal Products v Darue Engineering*, 545 US 308, 313 (2005) ("[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."); *Merrell Dow Pharmaceuticals Inc v Thompson*, 478 US 804 (1986).

The removal statutes are construed restrictively, so as to limit removal jurisdiction. Doubts as to removability are resolved in favor of remanding the case to the state court. *Shamrock Oil & Gas Corp. v. Sheets* (1941) 313 US 100, 108–109, 61 S.Ct. 868, 872; *Gaus v. Miles, Inc.* (9th Cir.

-2-

1992) 980 F2d 564, 566.

The reason for strict construction is to prevent waste of judicial resources: i.e., if it turns out there is no "federal question" or "diversity," the federal court's judgment would have to be set aside on appeal. Jurisdictional concerns can be avoided by remanding to state courts which have general jurisdiction. *Wenger v. Western Reserve Life Assur. Co. of Ohio* (MD TN 1983) 570 F.Supp. 8, 10–11; *Somlyo v. J. Lu–Rob Enterprises, Inc.* (2nd Cir. 1991) 932 F2d 1043, 1045–1046 [restrictive view consistent with congressional intent and comity for state government].

The defendant seeking removal of an action to federal court has the burden of establishing grounds for federal jurisdiction in the case.  It also has the burden of showing that it has complied with the procedural requirements for removal. C*alifornia ex rel. Lockyer v. Dynegy, Inc.* (9th Cir. 2004) 375 F3d 831, 838; *Miller v. Diamond Shamrock Co.* (5th Cir. 2001) 275 F3d 414, 417.

Indeed, some courts find a "strong presumption" against removal jurisdiction and will reject such jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc., supra*, 980 F2d at 566.  If there is any doubt as to the right of removal in the first instance, "federal jurisdiction must be rejected." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th cir.1996); *Gaus*, 980 F.2d at 566.

**B.  All of Plaintiff's Claims Assert State Law Causes of Action**

Plaintiff asserts four state law causes of action: Breach of Contract; Wrongful Termination in Violation of Public Policy; Intentional Interference with Contract; and Intentional Infliction of Emotional Distress.   As the Court notes in the OSC, a wrongful termination claim in violation of federal public policy does not confer removal jurisdiction. *Rains v Criterion Systems, Inc.*, 80 F3d 339, 343-44 (9th Cir 1996);

> In order to prevail on such a claim under California law, a plaintiff must prove as one element that a fundamental public policy exists that is "delineated in constitutional or statutory provisions...." *Gantt v. Sentry Ins.,* 1 Cal.4th 1083, (1992)… It is state, not federal, law that creates the cause of action for wrongful discharge in violation of public policy. *See Gantt,* 4 Cal.Rptr.2d at 877-78, 824 P.2d at 683-84; *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 665-71, 254 Cal.Rptr. 211, 765 P.2d 373 (1988); *Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980). State law also creates the cause of action for tortious interference with contractual relations. *See* B.E. Witkin, *Summary of California Law,* Torts § 649 (9th ed. 1987). The direct and indirect references to Title VII in those two state law causes of action do not make those claims into federal causes of action.

Law Offices of
David S. Secrest
A Professional Corporation
504 Plaza Alhambra, Ste. 604
P.O. Box 1029
El Granada, CA 94018-1029

-3-

*Norman Runyan v. River Rock Entertainment Authority, et al.;* Case No. 3:08-CV-01924-VRW
PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

*Rains at* 344.

Although employment contracts are generally terminable at will (Lab.C. § 2922), California courts recognize a narrow exception to this rule: "(A)n employer's traditional broad authority to discharge an at-will employee may be limited by statute ... or by considerations of public policy." *Tameny v. Atlantic Richfield Co.* (1980) 27 C3d 167, 172, 164 CR 839, 842.

"(W)hile an at-will employee may be terminated for no reason, or for an arbitrary or irrational reason, there can be no right to terminate for an unlawful reason or a purpose that contravenes fundamental public policy." *Gantt v. Sentry Ins.* (1992) 1 C4th 1083, 1094, 4 CR2d 874, 881 (overruled on other grounds in *Green v. Ralee Eng. Co.* (1998) 19 C4th 66, 80, 78 CR2d 16, 24, fn. 6); *Silo v. CHW Med. Found.* (2002) 27 C4th 1097, 1104, 119 CR2d 698, 703.

The employer's obligation to refrain from discharging an employee in violation of public policy does not depend upon any express or implied promises set forth in the employment contract. Rather, it reflects a duty imposed by law upon all employers. "As such, a wrongful discharge suit exhibits the classic elements of a tort cause of action." *Tameny v. Atlantic Richfield Co., supra*, 27 C3d at 176, 164 CR at 844.

To establish a claim for wrongful discharge in violation of public policy, each of the following must be proved: An employer-employee relationship; termination or other adverse employment action; termination of plaintiff's employment was a violation of public policy (or more accurately, a "nexus" exists between the termination and the employee's protected activity; the termination was a legal cause of plaintiff's damage; and the nature and the extent of plaintiff's damage. *See Holmes v. General Dynamics Corp.* (1993) 17 CA4th 1418, 1426, 22 CR2d 172, 177, fn. 8.

Only a "nexus" must be shown between the employee's protected activity and the adverse action taken against the employee; e.g., that the plaintiff was discharged because of his or her refusal to commit unlawful acts, etc. *See Turner v. Anheuser–Busch, Inc.* (1994) 7 C4th 1238, 1258–1259, 32 CR2d 223, 235.

In some cases, the evidence may indicate that both legitimate and illegitimate factors contributed to the employment decision. To establish a *Tameny* claim, plaintiff need only show that an illegitimate factor played "a motivating or substantial role" in the employment decision. *Grant-Burton v. Covenant Care, Inc.* (2002) 99 CA4th 1361, 1379, 11 CR2d 204, 219 [wrongful termination claim supported by evidence that plaintiff was terminated in violation of her right to

-4-

LAW OFFICES OF
DAVID S. SECREST
A PROFESSIONAL CORPORATION
504 Plaza Alhambra, Ste. 604
P.O. Box 1029
El Granada, CA 94018-1029

discuss earnings with other employees (a right protected by NLRA § 22)].

*The employee need not prove that the employer actually violated the law*: "(I)t suffices if the employer fired him for reporting his 'reasonably based suspicions' of illegal activity." *Green v. Ralee Eng. Co.* (1998) 19 C4th 66, 87, 78 CR2d 16, 29.

Here, the Plaintiff need only prove that a "nexus" exists between the termination and the employee's protected activity relating to one or more the public policies referenced in the Complaint, but not necessarily limited to those public policies; that an illegitimate factor played "a motivating or substantial role" in the employment decision; and need not establish that *the employer actually violated the law* any of the public policies.

### C. Plaintiff's Wrongful Termination for Violation of Public Policy Claim Is Not Completely Preempted by Federal Law

Defendants assert that Plaintiff's wrongful termination for violation of public policy claim is completely preempted by federal law. Defendants' arguments and authorities asserted are a stretch. No actual authority is proposed for the proposition that the Indian Gaming Regulatory Act and National Indian Gaming Commission ("NIGC") regulations "completely preempt" state law *Tameny* claims. Defendants mischaracterization of the wrongful discharge claims as somehow one involving "gaming operations," in order to do so, is an attempt to hammer a square peg into a round hole.

Indeed, none of the cases cited for this proposition involved the type of claims presented in this case. See Defendants' Response to OSC at 4:24-5:9.

In fact, in *County of Madera v. Picayune Rancheria of Chukchansi Indians*, E.D.Cal.,2006, 467 F.Supp.2d 993, the court held that a County's nuisance abatement action against an Indian tribe, based on tribe's failure to obtain permits relating to its construction of hotel near its casino, did not contain federal question, as required to support removal of case to federal district court. The Indian Gaming Regulatory Act (IGRA) did not completely preempt state law claims at issue, since county was not attempting to regulate gambling or games being played at the casino. Indian Gaming Regulatory Act, § 2 et seq., 25 U.S.C.A. § 2701 et seq.; 28 U.S.C.A. § 1447(c). *County of Madera* at 1002-1003.

Likewise, here, the claims made have nothing to do with attempting to regulate gambling or games being played at the casino.

### D. Plaintiff's State Law Claims Do Not Arise Under Federal Law, and Do Not

Law Offices of
David S. Secrest
A Professional Corporation
504 Plaza Alhambra, Ste. 404
P.O. Box 1029
El Granada, CA 94018-1029

-5-

*Norman Runyan v. River Rock Entertainment Authority, et al.;* Case No. 3:08-CV-01924-VRW
**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

**Require the Resolution of Substantial Federal Questions**

For all the foregoing reasons, the complaint does not "necessarily depend" on federal law; the complaint does not "necessarily implicate" the Bankruptcy Code, nor the Exchange Act, nor the Tribal-State Compact, nor the Indian Gaming Regulatory Act, nor federal common law.

Moreover, the federal questions implicated in the complaint, if any, are not "substantial."

### III. CONCLUSION

Based on the foregoing, the case should be remanded for lack of subject matter jurisdiction.

Dated: May 6, 2008

        Law Offices of David S. Secrest
        A Professional Corporation

        _____
        David S. Secrest
        Attorney for Plaintiff Norman Runyan

Law Offices of
David S. Secrest
A Professional Corporation
504 Plaza Alhambra, Ste. 604
P.O. Box 1029
El Granada, CA 94018-1029

-6-

*Norman Runyan v. River Rock Entertainment Authority, et al.;* **Case No. 3:08-CV-01924-VRW**
**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**