Law Offices of David S. Secrest
A Professional Corporation
David S. Secrest, Esq. [State Bar #142299]
504 Plaza Alhambra, Suite 201
P. O. Box 1029
El Granada, CA 94018-1029
Tel: 650-726-7461
Fax: 650-726-7471
Attorney for Plaintiff
Norman Runyan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORMAN RUNYAN,<br><br>               Plaintiff,<br><br>vs.<br><br>RIVER ROCK ENTERTAINMENT AUTHORITY, RIVER ROCK CASINO, HARVEY HOPKINS, an individual, and DOES 1-50, inclusive,<br><br>               Defendants. | CASE No. 3:08-CV-01924-VRW<br><br>Date: August 14, 2008<br>Time: 2:30 pm<br>Judge: Hon. Vaughn R. Walker<br><br>PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES |

-0-

# I. INTRODUCTION

The current claim of lack of subject matter and personal jurisdiction by Defendants, which is- not coincidentally- directly at odds with their assertions of the jurisdiction of this court made in the petition for removal, is without merit.

The Employment Agreement that forms the fundamental legal dispute giving rise to this lawsuit, drafted by the Defendants, contains a provision requiring the parties to submit to binding arbitration under California state law, with enforcement of an arbitral award, *and* a forum selection clause that constitutes a *prima facie* case of personal jurisdiction. Thus, each Defendant has clearly, expressly and unequivocally waived its sovereign immunity from suit.

Further, Defendants concede, and it is uncontested, that the Defendants' "Tort Claims Procedures" never applied to any aspect of Plaintiff's employment, or any dispute between Plaintiff and any defendant. The "Tribe's Tort Claims Procedures" applied only to <u>patron tort claims.</u>

For these reasons, the Motion to Dismiss must be denied, and the case should be remanded to state court for a determination of the enforceability of the arbitration provision. Plaintiff respectfully requests that, based on the analysis and authority set forth herein, as well as the authority advanced in Plaintiff's Response to Order to Show Cause, that the case be remanded to state court on the Court's own motion, without further argument.

# II. PROCEDURAL HISTORY

Plaintiff NORMAN RUNYAN ("Plaintiff"), the former CFO of Defendant RIVER ROCK ENTERTAINMENT AUTHORITY ("RREA"), filed this action for, *inter alia*, Breach of Contract and Wrongful Discharge in Sonoma County Superior Court on March 7, 2008. Plaintiff generally asserts he was fired in breach of his employment agreement, without good cause, and for expressing opposition to the illegal activity committed in large part by Defendant HARVEY HOPKINS ("Hopkins"). The employment agreement in question is attached to the state court Complaint as Ex. "A."[1]

Plaintiff served Defendants on or about March 14, 2008. On April 11, 2008, Defendants removed the case to federal court, based on federal question jurisdiction ("because *plaintiff's Complaint arises under federal law* in that it expressly and necessarily turns on interpretations of

---

[1] Notice of Removal, Docket #1, **Ex. "A,"** at pp. 21-28.

Law Offices of
DAVID S. SECREST
A Professional Corporation
504 Plaza Alhambra, Ste. 504
P.O. Box 1029
El Granada, CA 94018-1029

-1-

*Norman Runyan v. River Rock Entertainment Authority, et al.;* **Case No. 3:08-CV-01924-VRW**
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

fundamental questions of federal law, including the Tribal-State Gaming Compact between the Dry Creek Rancheria Band of Pomo Indians and the State of California.")[2] [Emphasis added].

On April 14, 2008, The Court issued an OSC as to why this case should not be remanded for lack of subject matter jurisdiction.[3]

On April 18, 2008, Defendants filed the instant Motion to Dismiss, setting the hearing date on July 10, 2008. Defendants, *having invoked federal court jurisdiction* by removing the case, now seek dismissal because (1) Plaintiff fails to establish *federal court jurisdiction* over Defendants because (a) they are immune from this lawsuit; (b) have not waived sovereign immunity in connection with this lawsuit; (c) the *Court lacks personal jurisdiction* over the Defendants and subject matter jurisdiction over the Complaint; and (2) Plaintiff has failed to exhaust Tribal remedies.[4]

On April 29, 2008, Defendants filed their response to the OSC. On May 7, 2008, Plaintiff filed his response to the OSC.

On June 18, 2008, the Court issued an Order rescheduling the hearing on Defendant's Motion to Dismiss to August 14, 2008 at 2:30 p.m., because "the Court has not ruled on the issue of jurisdiction." (The Court also rescheduled the Case Management Conference to September 11, 2008 at 3:30 p.m.)

### III.    FACTUAL BACKGROUND

On or about October 14, 2005, Plaintiff entered into an "Employment Agreement" as COO of and with defendant RIVER ROCK ENTERTAINMENT AUTHORITY ("River Rock"), a true and correct copy of which is attached as **Ex. "A"** to the Complaint filed in the state court action in this case. (Notice of Removal, Docket #1, **Ex. "A,"** at pp. 21-28) The other signatory was Defendant HARVEY HOPKINS ("Hopkins"). See Declaration of Norman Runyan in Support of Plaintiff's Opposition to Motion to Dismiss, served and filed herewith, Para. 3 ("Runyan Decl.,

---

[2] Notice of Removal, at 2:23-26.

[3] *Rains v Criterion Systems, Inc.*, 80 F3d 339, 343-44 (9th Cir 1996) (holding that a wrongful termination claim in violation of federal public policy does not confer removal jurisdiction); *Grable & Sons Metal Products v Darue Engineering*, 545 US 308, 313 (2005) ("[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."); and *Merrell Dow Pharmaceuticals Inc v Thompson*, 478 US 804 (1986).

[4] Motion to Dismiss, P&A, at 2:5-10, 18-21.

-2-

*Norman Runyan v. River Rock Entertainment Authority, et al.;* **Case No. 3:08-CV-01924-VRW**
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

¶3").

The Employment Agreement between the parties, which lies at the heart of the underlying legal dispute, but which is ignored in the moving papers, states, among other things:

> (b) **This Agreement and all questions relating to its validity, interpretation, performance and enforcement shall be governed by and construed in acceptance with the laws** of… **the State of California**.
>
> (c) No amendment to this Agreement or any attempted waiver of a provision of this Agreement shall be effective unless in writing and signed by the parties to this Agreement.
>
> (d) **Any controversy that arises between Employee and the [River Rock Entertainment Authority] regarding the rights, duties or liabilities hereunder of either of them, shall be <u>settled by binding arbitration</u> under the <u>Uniform Arbitration Act</u> <u>as adopted by the State of California</u>.**  In no event shall any liability of the Tribe, the Authority or the Casino or any of them, exceed an amount equal in total to three (3) months of the Base Compensation for a one-year period.
>
> [Employment Agreement, Notice of Removal, Docket #1, **Ex. "A,"** at p. 28 (Agreement, p. 7), ¶¶10(b-d) (emphasis added); Runyan Decl., ¶6.

The Employment Agreement was for a minimum three-year term.  Employment Agreement, Notice of Removal, Docket #1, **Ex. "A,"** at p. 24 (Agreement, p. 3), ¶3; Runyan Decl., ¶7. The Employment Agreement allowed for the termination of the employment by RREA only under certain conditions that did not exist when Plaintiff was fired.  Runyan Decl., ¶8.

Specifically, Plaintiff's gaming license was not terminated, revoked, or disapproved; it did not become unlawful for any Defendant to continue to operate the Casino or conduct gaming; Plaintiff engaged in no act of intentional dishonesty against any Defendant; Plaintiff was not convicted of any criminal charge involving moral turpitude; Plaintiff did not intentionally refuse to perform my duties, nor was Plaintiff grossly negligent in such performance, nor did Plaintiff fail to perform in a manner consistent with my professional obligations after prior warning; Plaintiff remains living, even at the time of the execution of this Declaration; RREA did not cease to operate the Casino; Plaintiff was not rendered disabled in the performance of his duties for six months or more; and RREA failed to give Plaintiff ninety days' written notice of termination. Runyan Decl., ¶8; Notice of Removal, Docket #1, **Ex. "A,"** at pp. 25-26 (Agreement, p. 4-), ¶¶7(a)(i) – (vi).

LAW OFFICES OF
DAVID S. SECREST
A PROFESSIONAL CORPORATION
504 Plaza Alhambra, Ste. 504
P.O. Box 1029
El Granada, CA 94018-1029

-3-

*Norman Runyan v. River Rock Entertainment Authority, et al.;* **Case No. 3:08-CV-01924-VRW**
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Accordingly, Plaintiff filed this lawsuit in California state court because on or about November 14, 2007, with almost a full year left before expiration of the Employment Agreement, Hopkins and RREA fired Plaintiff by forcing his resignation under duress, without good cause, in violation of the Employment Agreement. Runyan Decl., ¶9.

Also attached to the Hopkins Declaration is a copy of a Severance Agreement that Plaintiff did sign at the time he was terminated from his job. Runyan Decl., ¶10; See Hopkins Declaration, **Ex. "C",** Document 8-4 Filed 04/18/2008 Page 1-8. When Plaintiff signed that document, he did so under economic duress, in order to preserve whatever financial assets Plaintiff had at that time to make ends meet. *Id*. Plaintiff was told if he did not sign the Severance Agreement, he would "get nothing." Having no real or voluntary choice to do anything but sign the Agreement, Plaintiff did so. *Id*.

The Severance Agreement states, among other things, that:

> **[T]his Release shall be governed by the statutes and common law of the State of California** (excluding any that mandate the use of another jurisdiction's laws).
>
> Hopkins Declaration, **Ex. "C",** Document 8-4 Filed 04/18/2008 Page 7 of 8, ¶6.3 ("Interpretation") [emphasis added].

In his Declaration, Hopkins also attaches as **Ex. "B."** the "Tribe's Tort Claims Procedures." Document 8-3 Filed 04/18/2008 Page 1-12. Neither Hopkins, nor the other declarant for Defendants, Vernon Jenkins, explicitly or even implicitly assert that the Tort Claims Procedures submitted to this Court applied to any claims Plaintiff might make, or has made, against any Defendant in this action. Runyan Decl., ¶4.

In fact, the "Tribe's Tort Claims Procedures" never applied to any aspect of Plaintiff's employment, or any dispute between Plaintiff, and RREA, or the Tribe, or between any other employee of RREA and the Authority. Runyan Decl., ¶5. The "Tribe's Tort Claims Procedures" applied only to *patron tort claims*. Plaintiff helped to implement the Procedures with the assistance of Gaming Commissioner Linda Johnson. *Id*.

### IV. LEGAL ANALYSIS

A. Applicable Legal Standards

    **1. Lack of Subject Matter Jurisdiction**

-4-

*Norman Runyan v. River Rock Entertainment Authority, et al.;* Case No. 3:08-CV-01924-VRW
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Lack of subject matter jurisdiction is the first ground upon which a Rule 12(b) motion to dismiss may be asserted. FRCP 12(b)(1). Here, Defendants assert a factual attack on subject matter jurisdiction, based on extrinsic evidence quite apart from the pleadings. *McMorgan & Co. v. First Calif. Mortgage Co.* (ND CA 1995) 916 F.Supp. 966, 973.

Under a factual attack, the court determines the facts for itself. *See Safe Air for Everyone v. Meyer* (9th Cir. 2004) 373 F3d 1035, 1039. However, if satisfaction of an essential element of a claim for relief is at issue, the jury is the proper trier of contested facts. *See Roberts v. Corrothers* (9th Cir. 1987) 812 F2d 1173, 1177. If the motion is resolved on declarations alone, without an evidentiary hearing, the Ninth Circuit has held that the complaint's factual allegations still must be accepted as true. *McLachlan v. Bell* (9th Cir. 2001) 261 F3d 908, 909.

Jurisdictional dismissals in cases premised on federal question jurisdiction are "exceptional." Such dismissals are limited to cases where the federal claim is "immaterial and made solely for the purpose of obtaining federal jurisdiction" or the "claim is wholly insubstantial and frivolous." *Steel Co. v. Citizens for a Better Environment* (1998) 523 US 83, 89, 118 S.Ct. 1003, 1010; *Roberts v. Corrothers* (9th Cir. 1987) 812 F2d 1173, 1177.

The standard for dismissals for lack of subject matter jurisdiction under Rule 12(b)(1) is, however, "considerably more rigorous" than the standard for dismissals for failure to state a claim under Rule 12(b)(6). *Gammon v. GC Services Ltd. Partnership* (7th Cir. 1994) 27 F3d 1254, 1256.

Since plaintiff bears the burden of proving the court's jurisdiction, it should be given the opportunity to discover facts supporting the jurisdictional allegations in the complaint. It is an abuse of discretion to dismiss for lack of subject matter jurisdiction without giving plaintiff reasonable opportunity, if requested, to conduct discovery for this purpose. *Laub v. United States Dept. of Interior* (9th Cir. 2003) 342 F3d 1080, 1093.

**2. Lack of Personal Jurisdiction**

In addition to subject matter jurisdiction, Defendants also assert a lack of personal jurisdiction, the second ground for a Rule 12(b) motion to dismiss. FRCP 12(b)(2). Although defendant is the moving party on the motion to dismiss, plaintiff is the party who invoked the court's jurisdiction. Therefore, plaintiff bears the burden of proof on the necessary jurisdictional facts; e.g., the existence of "minimum contacts" between defendant and the forum state. *Rio Properties, Inc. v. Rio Int'l Interlink* (9th Cir. 2002) 284 F3d 1007, 1019.

-5-

*Norman Runyan v. River Rock Entertainment Authority, et al.;* **Case No. 3:08-CV-01924-VRW**
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Law Offices of
David S. Secrest
A Professional Corporation
504 Plaza Alhambra, Ste. 504
P.O. Box 1029
El Granada, CA 94018-1029

However, in this situation, Plaintiff is *not* the party who invoked the court's jurisdiction. Defendants are, by removing the action. Thus, <u>*Defendants invoked the court's jurisdiction in order to seek dismissal for lack of jurisdiction*</u>.

Defendants assert that a defendant who has removed an action to federal court may subsequently seek dismissal of the action on the basis that the court lacks jurisdiction, citing *Billingsley v. Comm'r Internal Revenue Serv.*, 868 F.2d 1081, 1085 (9th Cir. 1989), and *Napoleon Hardwoods, Inc. v. Professionally Designed Benefits, Inc*., 984 F.2d 821, 822 (7th Cir. 1993).[5]

However, *Billingsley, supra*, involved a motion to set aside dismissal of a petition for lack of jurisdiction on the grounds that the Tax Court lacks jurisdiction to reopen its decision once it becomes final. There was no state court action, and no removal.

*Napoleon Hardwoods, supra,* does hold that "even the party which invoked federal jurisdiction may later challenge it as [defendant] has done here." In support, the *Napoleon Hardwoods* decision relies on *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 17-18, 71 S.Ct. 534, 541-42 (1951). That decision held:

> The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties. To permit a federal trial court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit even in the posture it had at the time of judgment, would by the act of the parties work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them. *American Fire & Cas. Co. v. Finn, supra,* 341 U.S. 6, 17-18.

Motions to dismiss under Rule 12(b)(2) may test either plaintiff's theory of jurisdiction or the facts supporting the theory. In evaluating plaintiff's jurisdictional theory, the court need only determine whether the facts alleged, if true, are sufficient to establish jurisdiction; no evidentiary hearing or factual determination is necessary. *Credit Lyonnais Securities (USA), Inc. v. Alcantara* (2nd Cir. 1999) 183 F3d 151, 153. In deciding whether a prima facie case has been made, uncontroverted allegations in the complaint are deemed true; and factual conflicts in the parties' declarations are resolved in plaintiff's favor. *WNS, Inc. v. Farrow* (5th Cir. 1989) 884 F2d 200, 204.

<u>A forum-selection clause in a written contract may be *prima facie* evidence that personal</u>

---

[5] Motion to Dismiss, P&A, at 3:13-17.

-6-

*Norman Runyan v. River Rock Entertainment Authority, et al.;* **Case No. 3:08-CV-01924-VRW**
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

Law Offices of
David S. Secrest
A Professional Corporation
504 Plaza Alhambra, Ste. 504
P.O. Box 1029
El Granada, CA 94018-1029

jurisdiction is proper. Unless the forum chosen is shown to be unreasonable, defendant has waived any objection to venue and personal jurisdiction. *Kevlin Services, Inc. v. Lexington State Bank* (5th Cir. 1995) 46 F3d 13, 15.

### B. Defendants are Not Immune from this Action, and the Court Does Not Lack Subject Matter or Personal Jurisdiction, because Defendants Expressly and Unequivocally Waived Tribal Immunity

Defendants assert that absent an effective waiver of sovereign immunity, courts may not exercise jurisdiction over federally recognized Indian tribes. Motion to Dismiss, P&A, 3:21-8:14. As such, Defendants assert that no Defendant waived sovereign immunity. Motion to Dismiss, P&A, 8:15-12:3.

The United States Supreme Court, in *C & L Enterprises v. Potawatomi Indian Tribe* (2001) 532 U.S. 411, 121 S.Ct. 1589 ("*C & L Enterprises*"), resolved the split of authority that had emerged in the state and federal courts on the question whether, <u>by agreeing to an arbitration clause, and to enforcement of an arbitral award</u>, "in any court having jurisdiction thereof," a tribe has waived its sovereign immunity from suit. The Court concluded that agreement to such contract language constitutes an <u>explicit waiver of tribal sovereign immunity</u>. *C & L Enterprises,* at p. 421, 121 S.Ct. at pp. 1595-1596; *See also Smith v. Hopland Band of Pomo Indians* (Cal.App. 1 Dist.,2002), 95 Cal.App.4th 1, 115 Cal.Rptr.2d 455.

> The contract contains two key provisions. First, a clause provides that "[a]ll ... disputes ... arising out of ... the Contract ... shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association .... The award rendered by the arbitrator ... shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof." The referenced American Arbitration Association Rules provide: "Parties to these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." Second, the contract includes a choice-of-law clause that reads: "The contract shall be governed by the law of the place where the Project is located." Oklahoma has adopted a Uniform Arbitration Act, which instructs that "[t]he making of an agreement ... providing for arbitration in this state confers jurisdiction on the court to enforce the agreement under this act and to enter judgment on an award thereunder." The Act defines "court" as "any court of competent jurisdiction of this state."

*C & L Enterprises,* at p. 411, 121 S.Ct. at pp. 1590 (emphasis added).

Here, the Employment Agreement between the parties, which lies at the heart of the

LAW OFFICES OF
DAVID S. SECREST
A PROFESSIONAL CORPORATION
504 Plaza Alhambra, Ste. 504
P.O. Box 1029
El Granada, CA 94018-1029

-7-

*Norman Runyan v. River Rock Entertainment Authority, et al.;* **Case No. 3:08-CV-01924-VRW**
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

underlying legal dispute, but which is ignored in the moving papers, states, among other things:

> (b) **This Agreement and all questions relating to its validity, interpretation, performance and enforcement shall be governed by and construed in acceptance with the laws** of… **the State of California**.
>
> (d) **Any controversy that arises between Employee and the [River Rock Entertainment Authority] regarding the rights, duties or liabilities hereunder of either of them, shall be <u>settled by binding arbitration</u> under the <u>Uniform Arbitration Act</u> <u>as adopted by the State of California.</u>**  In no event shall any liability of the Tribe, the Authority or the Casino or any of them, exceed an amount equal in total to three (3) months of the Base Compensation for a one-year period.
>
> [Employment Agreement, Notice of Removal, Docket #1, **Ex. "A,"** at p. 28 (Agreement, p. 7), ¶¶10(b-d) (emphasis added); Runyan Decl., ¶6.

In this case, the same result pertains. "There is nothing ambiguous about th[e] language [of the arbitration clause]. The tribe agrees to submit disputes arising under the contract to arbitration, to be bound by the arbitration award, and to have its submission and the award enforced in a court of law." *Id* at p. 420, 121 S.Ct. at pp. 1595.

The Complaint indeed alleges "for purposes of this action, sovereign immunity has been legally waived and is no defense to this action by any defendant." Notice of Removal, Docket #1, Complaint, **Ex. "A,"** at ¶12, 3:16-18.

Likewise, the Severance Agreement states, among other things, that:

> **[T]his Release shall be governed by the statutes and common law of the State of California** (excluding any that mandate the use of another jurisdiction's laws).
>
> Hopkins Declaration, **Ex. "C",** Document 8-4 Filed 04/18/2008 Page 7 of 8, ¶6.3 ("Interpretation") [emphasis added].

Accordingly, there has been *clear, express and unequivocal waivers*- twice- *of sovereign immunity by all Defendants*.  Thus, Defendants' current claim of lack of subject matter and personal jurisdiction, which is not coincidentally directly at odds with their assertions of the jurisdiction of this court made in the petition for removal, is without merit.

For this reason, the Motion to Dismiss must be denied, and the case should be remanded to state court for a determination of the enforceability of the arbitration provision.  Plaintiff does not concede the enforceability of the arbitration provision, because it is unconscionable under state

LAW OFFICES OF
DAVID S. SECREST
A PROFESSIONAL CORPORATION
504 Plaza Alhambra, Ste. 504
P.O. Box 1029
El Granada, CA 94018-1029

-8-

*Norman Runyan v. River Rock Entertainment Authority, et al.;* **Case No. 3:08-CV-01924-VRW**
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

law, pursuant to *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 C4th 83, 114, 99 CR2d 745, 767; and *Little v. Auto Stiegler, Inc.* (2003) 29 C4th 1064, 1071, 130 CR2d 892, 897.

However, the question of enforceability is irrelevant to and independent of the effect of the agreement, drafted as it was by Defendants, which is the express waiver of sovereign immunity by all Defendants.

### C. The Defendants' Tort Claims Procedures are Totally Irrelevant to this Case, and it is Uncontested that Plaintiff had No Obligation to Exhaust that Remedy

Next, Defendants assert that Plaintiff failed to comply with their Tort Claims Procedures. Motion to Dismiss, P&A, 12:4-15:23. This assertion also clearly fails scrutiny.

In his Declaration, Hopkins attaches as **Ex. "B"** the "Tribe's Tort Claims Procedures." Document 8-3 Filed 04/18/2008 Page 1-12. Neither Hopkins, nor the other declarant for Defendants, Vernon Jenkins, explicitly or even implicitly assert that the Tort Claims Procedures submitted to this Court applied to any claims Plaintiff might make, or has made, against any Defendant in this action. Runyan Decl., ¶4.

In fact, the "Tribe's Tort Claims Procedures" never applied to any aspect of Plaintiff's employment, or any dispute between Plaintiff, and RREA, or the Tribe, or between any other employee of RREA and the Authority. Runyan Decl., ¶5. The "Tribe's Tort Claims Procedures" applied only to *patron tort claims*. Plaintiff helped to implement the Procedures with the assistance of Gaming Commissioner Linda Johnson. *Id*.

For this reason, the Motion to Dismiss must be denied, and the case should be remanded to state court.

### D. The "Interference" Claim is Not Necessarily Based on Hopkins' Alleged "Retaliation" and Can Be Asserted Against Hopkins Individually

Next, Defendants assert the "gist" of the Intentional Interference with Contract claim is necessarily based on Hopkins' alleged "retaliation" and cannot be asserted against Hopkins' individually. Motion to Dismiss, P&A, 16:15-18:9.

First of all, this case does not raise issues of statutory discrimination under the California Fair Employment & Housing Acv ("FEHA"), and therefore *Jones v. The Lodge At Torrey Pines*, 42 Cal.4th 1158 (2008) is of no application.

-9-

### E. Hopkins Can be Individually Liable for Interference with Contract

Secondly, owners or managers of a corporation may be liable in tort for intentionally interfering with the corporation's contracts unless they can prove their conduct was privileged or justified (e.g., that they were acting to protect the corporation's interests). *See Woods v. Fox Broadcasting Sub., Inc.* (2005) 129 CA4th 344, 355–356, 28 CR3d 463, 472–473.

### F. The Claim for Intentional Infliction of Emotional Distress is Not Barred by the Exclusive Remedy Provisions of California's Workers' Compensation Act

Lastly, Defendants assert that the claim for Intentional Infliction of Emotional Distress is barred by the exclusive remedy provisions of California's Workers' Compensation Act. Motion to Dismiss, P&A, 18:10-19:18. This is simply not so.

A claim for wrongful termination in violation of public policy, first recognized in *Tameny v. Atlantic Richfield Co.* (1980) 27 C.3d 167, is not preempted by the Workers' Compensation Act. *Shoemaker v. Myers* (1992) 2 C.A.4th 1407, 1417, on remand following *Shoemaker v. Myers* (1990) 52 C.3d 1; See also 2 Witkin, *Summary* 10th (2005) Work Comp, § 57, p. 607.

### V. CONCLUSION

Based on the foregoing, the Motion to Dismiss must be denied. Plaintiff respectfully requests that, based on the analysis and authority set forth herein, as well as the authority advanced in Plaintiff's Response to Order to Show Cause, that the case be remanded to state court on the Court's own motion, without further argument.

Dated: July 24, 2008

          Law Offices of David S. Secrest
          A Professional Corporation


          _____
          David S. Secrest
          Attorney for Plaintiff
          Norman Runyan

LAW OFFICES OF
DAVID S. SECREST
A PROFESSIONAL CORPORATION
504 Plaza Alhambra, Ste. 504
P.O. Box 1029
El Granada, CA 94018-1029

-10-

*Norman Runyan v. River Rock Entertainment Authority, et al.;* Case No. 3:08-CV-01924-VRW
**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**