Law Offices of David S. Secrest
A Professional Corporation
David S. Secrest, Esq. [State Bar #142299]
504 Plaza Alhambra, Suite 201
P. O. Box 1029
El Granada, CA 94018-1029
Tel: 650-726-7461
Fax: 650-726-7471
Attorney for Plaintiff
Norman Runyan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NORMAN RUNYAN,<br><br>               Plaintiff,<br><br>vs.<br><br>RIVER ROCK ENTERTAINMENT AUTHORITY, RIVER ROCK CASINO, HARVEY HOPKINS, an individual, and DOES 1-50, inclusive,<br><br>               Defendants. | CASE No. 3:08-CV-01924-VRW<br><br>Date: August 14, 2008<br>Time: 2:30 pm<br>Judge: Hon. Vaughn R. Walker<br><br>DECLARATION OF NORMAN RUNYAN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS; SIGNATURE ATTESTATION OF FILING ATTORNEY |

I, Norman Runyan, declare as follows:

1.    I over the age of 18 and the plaintiff in this action. I have personal knowledge of each fact stated in this declaration, and if called upon by this Court to do so, I can and will competently testify to these matters.

2.    I personally verified the Complaint filed in the state court action in this case. (Notice of Removal, Docket #1, **Ex. "A,"** at p. 20.)

3.    On or about October 14, 2005, I entered into an "Employment Agreement" as COO of and with defendant RIVER ROCK ENTERTAINMENT AUTHORITY ("River Rock"), a true and

-1-

*Norman Runyan v. River Rock Entertainment Authority, et al.;* Case No. 3:08-CV-01924-VRW
**DECLARATION OF NORMAN RUNYAN ISO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

correct copy of which is attached as **Ex. "A"** to the Complaint filed in the state court action in this case.  (Notice of Removal, Docket #1, **Ex. "A,"** at pp. 21-28)  The other signatory was Defendant HARVEY HOPKINS ("Hopkins").

4. In the Declaration by Defendant Hopkins filed in support of the Defendants' Motion to Dismiss ("Hopkins Declaration"), Hopkins attaches as **Ex. "B"** is a copy of the "Tribe's Tort Claims Procedures."  Document 8-3 Filed 04/18/2008 Page 1-12.  Neither Hopkins, nor the other declarant for Defendants, Vernon Jenkins, explicitly or even implicitly assert that the Tort Claims Procedures submitted to this Court applied to any claims I might make, or have made, against any Defendant in this action.

5. I have personal knowledge that the "Tribe's Tort Claims Procedures" never applied to any aspect of my employment, or any dispute between myself, and RREA, or the Tribe, or between any other employee of RREA and the Authority, for that matter.  In fact the "Tribe's Tort Claims Procedures" applied only to patron tort claims.  I helped to implement the Procedures with the assistance of Gaming Commissioner Linda Johnson.

6. Hopkins neglected to include in his Declaration as an exhibit the Employment Agreement between the parties, which lies at the heart of the underlying legal dispute.  It states, among other things:

> (b) **This Agreement and all questions relating to its validity, interpretation, performance and enforcement shall be governed by and construed in acceptance with the laws** of… **the State of California**.
>
> (c) No amendment to this Agreement or any attempted waiver of a provision of this Agreement shall be effective unless in writing and signed by the parties to this Agreement.
>
> (d) **Any controversy that arises between Employee and the [River Rock Entertainment Authority] regarding the rights, duties or liabilities hereunder of either of them, shall be <u>settled by binding arbitration</u> under the <u>Uniform Arbitration Act</u> <u>as adopted by the State of California</u>.**  In no event shall any liability of the Tribe, the Authority or the Casino or any of them, exceed an amount equal in total to three (3) months of the Base Compensation for a one-year period.
>
> Employment Agreement, Notice of Removal, Docket #1, **Ex. "A,"** at p. 28 (Agreement, p. 7), ¶¶10(b-d) (emphasis added).

7. The Employment Agreement was for a minimum three-year term.  Employment

-2-

Agreement, Notice of Removal, Docket #1, **Ex. "A,"** at p. 24 (Agreement, p. 3), ¶3.

8. The Employment Agreement allowed for the termination of the employment by RREA only under certain conditions that did not exist when I was fired. Specifically, my gaming license was not terminated, revoked, or disapproved; it did not become unlawful for any Defendant to continue to operate the Casino or conduct gaming; I engaged in no act of intentional dishonesty against any Defendant; I was not convicted of any criminal charge involving moral turpitude; I did not intentionally refuse to perform my duties, nor was I grossly negligent in such performance, nor did I fail to perform in a manner consistent with my professional obligations after prior warning; I remain living, even at the time of the execution of this Declaration; RREA did not cease to operate the Casino; I was not rendered disabled in the performance of my duties for six months or more; and RREA failed to give me ninety days' written notice of termination. Notice of Removal, Docket #1, **Ex. "A,"** at pp. 25-26 (Agreement, p. 4-), ¶¶7(a)(i) – (vi).

9. I filed this lawsuit in California state court because on or about November 14, 2007, with almost a full year left before expiration of the Employment Agreement, Hopkins and RREA fired me by forcing my resignation under duress, without good cause, in violation of the Employment Agreement.

10. Hopkins attaches as **Ex. "C"** a copy of a Severance Agreement that I did sign at the time I was terminated from my job. Hopkins Declaration, **Ex. "C",** Document 8-4 Filed 04/18/2008 Page 1-8. When I signed that document, I did so under economic duress, in order to preserve whatever financial assets I had at that time to make ends meet. I was told if I did not sign the Severance Agreement, I would "get nothing." Having no real or voluntary choice to do anything but sign the Agreement, I did so.

11. The Severance Agreement states, among other things, that:

> **[T]his Release shall be governed by the statutes and common law of the State of California** (excluding any that mandate the use of another jurisdiction's laws).
>
> Hopkins Declaration, **Ex. "C",** Document 8-4 Filed 04/18/2008 Page 7 of 8, ¶6.3 ("Interpretation") [emphasis added].

//
//
//

Law Offices of
DAVID S. SECREST
A Professional Corporation
504 Plaza Alhambra, Ste. 504
P.O. Box 1029
El Granada, CA 94018-1029

-3-

*Norman Runyan v. River Rock Entertainment Authority, et al.;* **Case No. 3:08-CV-01924-VRW**
**DECLARATION OF NORMAN RUNYAN ISO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

//

//

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed: July 24, 2008, in Geyserville, California

_____/ S /_____
Norman Runyan

LAW OFFICES OF
DAVID S. SECREST
A PROFESSIONAL CORPORATION
504 Plaza Alhambra, Ste. 504
P.O. Box 1029
El Granada, CA 94018-1029

-4-

*Norman Runyan v. River Rock Entertainment Authority, et al.*; **Case No. 3:08-CV-01924-VRW**
**DECLARATION OF NORMAN RUNYAN ISO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

I, David S. Secrest, declare as follows:

1. I am the attorney of record for plaintiff NORMAN RUNYAN in this action, and make this Declaration of my own personal knowledge. I am an attorney at law licensed to practice in the U.S. District Court, No. Dist., California. I make this declaration of my own personal knowledge.

2. If I am called upon to testify about these matters, I can and will competently do so.

3. I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

I certify under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Dated: July 24, 2008

        Law Offices of David S. Secrest
        A Professional Corporation

        _____
        David S. Secrest
        Attorney for Plaintiff
        Norman Runyan

LAW OFFICES OF
DAVID S. SECREST
A PROFESSIONAL CORPORATION
504 Plaza Alhambra, Ste. 504
P.O. Box 1029
El Granada, CA 94018-1029

-5-

*Norman Runyan v. River Rock Entertainment Authority, et al.;* **Case No. 3:08-CV-01924-VRW**
**DECLARATION OF NORMAN RUNYAN ISO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**